UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REBERTO ALMONTA TEJADA,<br><br>     Plaintiff,<br><br>  -against-<br><br>COMMISSIONER SOCIAL SECURITY; JOHN DOE, SUPIVISION; JOHN DOE, SUPIVISION; JOHN DOE, MANAGEMENT,<br><br>     Defendants. | 26-CV-3509 (JAV)<br><br>ORDER OF DISMISSAL<br>UNDER 28 U.S.C. § 1651 |

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff filed this action *pro se*, indicating in the complaint that he had changed his name to Reberto Almonta Tejada from the name Jose Luis Molina. By order dated June 5, 2026, the Court noted that Jose Luis Molina is barred from proceeding *in forma pauperis* (IFP) in this and other districts. *See, e.g., Molina v. U.S. Security Associate Inc.*, No. 08-CV-6376-CM (S.D.N.Y. Feb. 17, 2009), ECF No. 25 at 2 (enjoining "plaintiff from filing any new action in this court, against any party, unless he both (1) obtains leave of court, and (b) pays the filing fee.").[1] Accordingly, because Plaintiff appeared to be the same person who was barred in *Molina*, No. 08-CV-6376, from proceeding IFP, the Court directed Plaintiff to show cause why the order granting IFP should not be revoked and this action dismissed without prejudice for his failure to seek leave of court to bring this action.

---

[1] *See also Molina v. FBI Clerk Alen*, No. 08-CV-1757 (RJD) (LB) (E.D.N.Y. June 23, 2008) ("[P]laintiff is enjoined from filing any new *in forma pauperis* action in this Court without obtaining leave of Court . . . "); *Molina v. Thomas*, No. 09-CV-5823 (LAP) (S.D.N.Y. June 25, 2009) (dismissing action because Plaintiff did not obtain leave of court or pay the filing fee, and noting that he had filed more than 18 actions in this court), *appeal dismissed*, 09-3072-cv (2d Cir. Nov. 25, 2009) ("Appellant is hereby warned that the continued filing of duplicative and meritless appeals will result in the imposition of a leave to file sanction").

On June 9, 2026, Plaintiff filed his response to the Court's order. (ECF No. 8).  Plaintiff does not dispute that he is the same person who was barred in *Molina*, No. 08-CV-6376, from proceeding IFP, or make any challenge to the bar order.  Instead, Plaintiff seems to discuss an overpayment of his social security benefits that was recouped in 2010— a matter that he has previously litigated, *Tejada v. Soc. Sec. Admin.*, 24-CV-4852 (BCM) (S.D.N.Y. Mar. 20, 2025).  Plaintiff's response therefore does not show any reason why the bar should not be imposed.  The Court also notes that Plaintiff's complaint does not seek judicial review under 42 U.S.C. § 405(g), of a final decision of the Commissioner after a hearing.[2]

Accordingly, because Plaintiff does not dispute that the bar applies to him, the Court directs the Clerk of Court to add to the docket that Plaintiff Reberto Almonta Tejada is "also known as Jose Luis Molina."

Because Plaintiff is barred from proceeding IFP, and he has not shown any reason why the bar should not apply, the Court revokes the May 1, 2026 order granting IFP.  The Clerk of Court is directed to vacate the order granting IFP (ECF No. 6).

The Court dismisses this action without prejudice pursuant to the bar order in *Molina*, No. 08-CV-6376, because Plaintiff has not paid the filing fees or sought leave of court to file this action.

---

[2] Plaintiff challenges the fact that the Social Security Administration (SSA) banned him from entering SSA Offices – a claim that may not be cognizable.  *See*, *e.g.*, *Felton v. SSA*, No. 3:24-CV-02904, 2024 WL 5147988, at *1 (N.D. Tx. Nov. 22, 2024) (holding that subject matter jurisdiction "is lacking" for claim that plaintiff, who was "able to communicate with the SSA by phone, internet, or mail, "has been banned from entering SSA offices . . . ."), *report and recommendation adopted*, 2024 WL 5147041 (N.D. Tex. Dec. 17, 2024); *see also Richards v. Soc. Sec. Admin.*, No. 15-CV-1528 (ENV), 2016 WL 4690394, at *3 (E.D.N.Y. Sept. 7, 2016) ("[N]either the Civil Rights Act nor styling the claim in any other fashion would afford a right of action against federal agencies like SSA or its employees" for temporarily barring the plaintiff from entering any SSA buildings.").

Plaintiff continues to be barred from filing any further actions in this court, whether under the name Reberto Almonte Tejada, Jose Louis Molina, or any other name, unless he pays the filing fees and obtains permission from the court to file the action.

## CONCLUSION

The Court directs the Clerk of Court to add "also known as Jose Luis Molina" to Plaintiff's name on the docket. The Court further directs the Clerk of Court to (1) vacate the order granting IFP (ECF No. 6); and (2) dismiss this action without prejudice pursuant to the bar order in *Molina v. U.S. Security Associate Inc.*, No. 08-CV-6376-CM (S.D.N.Y. Feb. 17, 2009) (ECF 25, at 2), because Plaintiff has not paid the filing fees or sought leave of court to file this action, and to close the case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 15, 2026
          New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3