UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REBERTO ALMONTA TEJADA,

                Plaintiff,

        -against-

COMMISSIONER SOCIAL SECURITY; JOHN
DOE, SUPIVISION; JOHN DOE, SUPIVISION;
JOHN DOE, MANAGEMENT,

                Defendants.

26-CV-3509 (JAV)

ORDER

JEANNETTE A. VARGAS, United States District Judge:

On June 16, 2026, this Court *sua sponte* dismissed the above-captioned action.  ECF No. 10.  The Court determined that Plaintiff, under the name "Jose Luis Molina," appeared to be subject to a bar order precluding him from proceeding *in forma pauperis* and from filing suit without first seeking leave of the Court.  *See, e.g.*, *Molina v. U.S. Security Associate Inc.*, No. 08-CV-6376-CM (S.D.N.Y. Feb. 17, 2009).  The Court therefore issued an order to show cause why this action should not be dismissed.  ECF No. 7.  Plaintiff responded on June 9, 2026, but did not deny that he was the individual subject to the *Molina* bar order.  ECF No. 8.  The Court therefore dismissed the action without prejudice pursuant to the bar order in *Molina*, because Plaintiff had not paid the filing fees or sought leave of court to file this action.  ECF No. 25 at 2.

Plaintiff submitted a motion to reopen the case on June 24, 2026, ECF No. 12, and subsequently filed a notice of appeal from this Order of Dismissal on June 25, 2026, ECF No. 11.  The Court retains jurisdiction to deny the motion to reopen notwithstanding the pendency of the appeal.  *See* Fed. R. Civ. P. 62.1.

Although Plaintiff does not state the procedural basis for his motion to reopen, the Court construes this as a motion to alter or amend the Court's order of dismissal pursuant to Rule 60(b)

of the Federal Rules of Civil Procedure.  Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  "[A] 'mistake' under Rule 60(b)(1) includes a judge's errors of law." *Kemp v. United States*, 596 U.S. 528, 533-34 (2022).  "Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief' " and is only available "when Rules 60(b)(1) through (b)(5) are inapplicable." *Id.* at 533. "Even then, 'extraordinary circumstances' must justify reopening" a case. *Id.*

Even construing the *pro se* Plaintiff's papers to raise the strongest argument they suggest, Plaintiff provides no basis to reconsider the Court's order of dismissal.  Plaintiff appears to suggest that the Court sent notice to the wrong zip code.  ECF No. 12.  Yet he does not deny receiving the Order to Show Cause, and he filed papers in response to that order.

Nor does he deny that he is the individual that is the subject of the *Molina* bar order.  To the contrary, his papers attach an order from the Civil Court of the City of New York changing his name from Molina to Julio Cabera, and then a second order changing his name from Julio Cabera to Reberto Almonta Tejada.  ECF No. 14.  As his motion to reopen merely confirms that he is the individual subject to the prior bar order, Plaintiff has identified no mistake that would justify reopening this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 29, 2026
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

2